IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **North Atlantic Imports, LLC,**<br><br>　　Plaintiff,<br><br>v.<br><br>**LoCo – Crazy Good Cookers, Inc.**,<br><br>　　Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff North Atlantic Imports, LLC d/b/a Blackstone ("Blackstone") files this Complaint for patent infringement against Defendant LoCo – Crazy Good Cookers, Inc. ("LoCo") and alleges as follows:

### **Nature of the Action**

1. This is an action for patent infringement based on the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

2. This action arises out of LoCo's making, using, selling, offering to sell, and/or importing certain LoCo griddles that infringe U.S. Patent No. 11,877,693 owned by Blackstone (the "'693 Patent").

### **The Parties**

3. Blackstone is a Utah limited liability company with its principal place of business at 1073 West 1700 North, Logan, Utah 84321.

1

4.  LoCo is a Delaware corporation with its principal place of business at 506 Manchester Expressway, Suite A2, Columbus, Georgia 31904.

## Jurisdiction and Venu

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has general and specific personal jurisdiction over LoCo. LoCo is domiciled and has its principal place of business in this District. LoCo and/or its agents perform the legal violations described herein within this District and derive revenue and value therefrom, to purposefully avail itself of the privilege of conducting business within this state and District. LoCo also injects the infringing products complained of herein into the stream of interstate commerce based on its utilization of the laws of the State of Georgia.

7.  Venue is proper under 28 U.S.C. § 1400(b) because LoCo resides in the District, has committed acts of infringement in this District, and has a regular and established place of business in this District.

## Background

8.  Blackstone is in the business of providing top of the line outdoor cooking griddles and accessories. Blackstone has been in this business for nearly two decades, designing and innovating high-quality products that yield the best results.

9. As a result of Blackstone's innovation, Blackstone was recognized as one of the fastest-growing brands in the categories of gas griddles and portable griddles by the NPD Group in 2021.

10. On information and belief, LoCo, unlike Blackstone, recently entered the outdoor cooking market in 2022. And since its entrance into the market, LoCo has made it a habit to copy Blackstone.

11. Blackstone has redefined griddles and griddle technologies and has ensured protection of these technologies with its patent portfolio. This includes methods safety features as described below.

12. On January 23, 2024, the United States Patent and Trademark Office duly and lawfully issued the '693 Patent entitled "Griddle Cooking Station and Method Thereof." A true, correct copy of the '693 Patent is attached as Exhibit A.

13. Blackstone owns all rights, title, and interest in the '693 Patent, including all rights to make, use, sell, offer for sale, and import products that practice the claims of the '693 Patent. Blackstone possesses the exclusive right and standing to prosecute actions for infringement of the '693 Patent.

14. LoCo has no license or authorization to practice the technology of the '693 Patent.

15. LoCo is a direct competitor of Blackstone's and makes, uses, sells, and offers to sell propane griddles, such as the 36" 3-Burner Classic SmartTemp

Griddle; 36" 3-Burner Digital Series II SmartTemp Griddle; 26" 2-Burner SmartTemp Griddle; and 26" 2-Burner Digital Series II SmartTemp Griddle and similar griddle products (collectively, the "Accused Products") that directly compete with Blackstone's own propane griddle offerings.

16.     On February 13, 2025, Blackstone sent LoCo a letter informing LoCo of its infringement of the '693 Patent.

17.     LoCo knowingly and willfully continues to infringe the '693 Patent since at least February 13, 2025.

## COUNT I
### Infringement of U.S. Patent No. 11,877,693, 35 U.S.C. § 271 *et seq*.

18.     Blackstone repeats and realleges the allegations set forth above as if fully restated herein.

19.     The '693 Patent issued on January 23, 2024. Blackstone is the owner by assignment of all rights, title, and interest in the '693 Patent. The '693 Patent is valid and enforceable, and Blackstone has not licensed LoCo to practice the '693 Patent.

20.     LoCo makes, uses, sells, offers to sell, and/or imports into the United States the Accused Products.

21.     LoCo also makes, uses, sells, offers to sell, and/or imports into the United States a collection of the Accused Products from and through other retailers, such as Lowes and Home Depot.

22. LoCo offers the Accused Product for sale to potential buyers. The Accused Products compete directly with Blackstone's products, are sold at the same retailers as Blackstone's products, and closely imitate the technology of the '693 Patent.

23. The Accused Products infringe literally or under the doctrine of equivalents, at least claim 1 of the '693 Patent, in violation of United States Patent laws. 35 U.S.C §§ 271, *et seq.*

24. The Accused Products are outdoor cooking stations, comprising: (1) a main body extending to define a front side, a rear side, a left side and a right side each extending between a lower end and an upper portion, the main body including multiple heating elements controlled along the front side and coupled to the main body, the upper portion of the main body including a locking structure positioned therealong; (2) a griddle configured to be supported by the upper portion of the main body, the griddle extending to define an upper side and a underside, the upper side including a splash guard and the underside including legs extending with a length so as to extend downward from the underside of the griddle, at least one of the legs defining a neck and an abutment structure along the length of the legs, the abutment structure configured to cooperate with the locking structure so as to minimize movement of the griddle relative to the main body; and (3) a hood

pivotably coupled to the splash guard of the griddle, the hood configured to be moveable between a closed position and an open position.

25. LoCo has been infringing — directly, contributorily, and by inducement — the claims of the '693 Patent in the United States, including in this judicial district. LoCo's patent infringement has been willful.

26. Blackstone has been damaged by LoCo's infringement of the '693 Patent and will continue to be damaged unless LoCo is enjoined by this court. Blackstone has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Blackstone and public interest would be served by an injunction.

27. By reason of the foregoing, Blackstone is entitled to relief against LoCo, pursuant to at least 35 U.S.C. §§ 283–85.

## Prayer for Relief

Wherefore, Blackstone prays for judgment against LoCo as follows:

A. That LoCo has infringed one or more of the claims of the '693 Patent;

B. That LoCo has willfully infringed one or more of the claims of the '693 Patent;

C. That LoCo and its employees, officers, directors, agents, affiliates, (and all of those in active concert and participation with any of the foregoing) be temporarily restrained, preliminarily enjoined, and permanently enjoined from any

direct, indirect or joint infringement of the '693 Patent— whether literal or under the doctrine of equivalents;

    D.    That LoCo provide an accounting of all LoCo's sales, revenues, and profits subject to Blackstone's causes of action;

    E.    That LoCo is liable to Blackstone for an award of actual damages, treble damages, and disgorgement of profits in an amount to be determined at trial;

    F.    That Blackstone be awarded pre-judgment and post-judgment interest;

    G.    That the case be declared exceptional under, inter alia, 35 U.S.C. § 285 such that Blackstone is awarded its attorneys' fees and costs incurred in this action; and

    H.    That Blackstone be awarded any and all relief to which Blackstone may show itself be entitled to; and

    I.    That Blackstone be awarded such other and further relief the Court deems just and proper.

## Jury Demand

Blackstone demands a jury trial on all issues so triable.

Dated: February 25, 2025            Respectfully submitted,

                                                          KREVOLIN & HORST, LLC

                                                          ***/s/ Barclay H. Vallotton***
                                                          Barclay H. Vallotton

Georgia Bar No. 917852
One Atlantic Center
1201 W. Peachtree Street, NW
Suite 3500
Atlanta Georgia 30309
vallotton@khlawfirm.com
(404) 888-9700
(404) 888-9577 (facsimile)

FOLEY & LARDNER LLP

David R. Wright
(*pro hac vice* application forthcoming)
Jared J. Braithwaite
(*pro hac vice* application forthcoming)
Wesley F. Harward
(*pro hac vice* application forthcoming)
95 S. State Street, Suite 2500
Salt Lake City, Utah 84111
(801) 401-9800

*Attorneys for Plaintiff*
*North Atlantic Imports, LLC*